[Civ. No. 8018. Second Appellate District, Division Two.—December 27, 1933.]

WM. F. McLAUGHLIN, Respondent, v. SAMUEL GRANT GOUCHER, Appellant.

Charles W. Cradick and C. S. Wagner for Appellant.

Wm. F. McLaughlin, *in pro. per.,* J. Vincent Hannon and T. G. Dalton for Respondent.

CRAIG, J.—Suit having been filed praying an alternative judgment for partition or the sale of certain real property and division of the proceeds, an interlocutory judgment was granted in favor of the plaintiff, from which the instant appeal was taken.

From the pleadings and the evidence it appeared without contradiction that the respondent and his co-partner, attorneys at law, had rendered services to the appellant in successfully pursuing certain community property and obtaining for the latter a judgment for his share thereof. They had previously been employed by a contract in writing to prosecute all necessary litigation in that behalf for "15% of any and all property that may be declared to be community property and going to the party of the first part from and out of the property . . . ", or, "in the event of a compromise and settlement being had

and effected . . . before suit is brought, then in that event the party of the first part agrees to pay to the parties of the second part the sum of five hundred dollars ($500.00) cash, at the time of the said settlement and compromise''. In the instant case issue was joined, and by affirmative defenses it was alleged that the respondent and a co-defendant not a party herein had filed and that there was pending for the same cause an action for $7,000 as reasonable value of services rendered; and that the instant suit was barred by sections 318, 319, 337 and 343 of the Code of Civil Procedure. Upon the trial it was also contended that the respondent having successfully sought a partition for, and established the title of, the appellant in the described premises, he was estopped to claim an interest therein, and that his demand herein amounted to a collateral attack upon the final judgment. Simultaneously it was and is asserted that by the present action the respondent sought to recover double compensation for the same services. The trial court found as true the allegations of the complaint, rejecting the appellant's said defenses.

We think the apparent conclusion of the claims and divergent theories can best be clarified by segregation of the several judicial proceedings involving the properties in controversy. The suit from which the instant case arose was instituted for the purpose of establishing as community the bulk holdings of the appellant and his then spouse. During its pendency the latter filed a suit praying a decree of divorce and an adjudication thereof as her separate estate, to which the appellant herein interposed a cross-complaint alleging its community status and praying that the same be equally divided. Said actions were consolidated and tried together, judgment being rendered in favor of the appellant in each instance, but only awarding each party thereto an undivided one-half interest in the whole. Thereafter the appellant commenced and successfully prosecuted to conclusion a separate and independent suit for partition, by his complaint praying an allowance of reasonable attorneys' fees therein, in which he was also represented by said counsel. The respondent and associates represented him and conducted all of said litigation, but were in no instance compensated in any amount. Respondent has received neither the fees allowed to Goucher by the court for parti-

tion nor fifteen per cent of the latter's share for services rendered under his contract.

To hold that respondent was estopped to enforce his contract wherein it was agreed that he "establish the claim of the said party of the first part in and to the said property . . . and to have the said property declared community property", for which he should receive "fifteen per cent (15%) of any and all property that may be declared to be community property going to the party of the first part", would nullify the plain intentions of the parties and read into it the acquisition of one hundred per cent recovery for a gratuitous service. ■ And, that a double recovery for the same service is not involved, seems clear. Having established the status of the properties as a whole under said contract, partition thereafter became necessary and the trial court allowed other and additional fees therefrom. Suit then was instituted to recover said fifteen per cent of the appellant's share as at first contemplated and agreed. It nowhere appeared in said contract that partition of the *corpus* of the community should be effected, nor did the court so decree. Following divorce proceedings and subsequent developments a partition doubtless became imperative.

■ However, it is urgently insisted that in obtaining a judicial determination as to the identity and severance of the appellant's undivided properties pursuant to previous decree of their community status, it was the respondent's sole opportunity to have his "day in court" by appearing as a party thereto and claiming an interest. Such contention seems to refute itself by the basis furnished from quoted decisions to the effect that "if a coowner is not made a party plaintiff or defendant, and the nonjoinder appears by the record so that an appellate court may take cognizance of it, it will reverse the judgment, whether the attention of the trial court was called to the defect or not". It seems sufficient to observe that at the time of the partition suit the share from which said fifteen per cent should become due had not been determined, and that it does not appear that the decree therein was subsequently reversed. It cannot be said that assertion here of a defect of parties in previous controversies is timely, nor that under his contract the respondent could have been compelled to assert at his peril a claim for compensation against an undeter-

mined interest. ▋ It must be shown upon a claim of estoppel that one has been led to place himself in a prejudicial position at least in part by ignorance of his rights, so that to permit of the maintenance of a disputed right would operate as a legal fraud upon him. It is not even contended that such a case is presented. (*Farish* v. *Coon*, 40 Cal. 33; *Verdugo C. W. Co.* v. *Verdugo*, 152 Cal. 655 [93 Pac. 1021]; *Seymour* v. *Oelrichs*, 156 Cal. 782 [106 Pac. 88, 134 Am. St. Rep. 154].)

Other grounds mentioned are not seriously urged, and from what has been said it becomes unnecessary to further discuss them.

The judgment is affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.